UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RANDY COBB,

                 Plaintiff,                              Hon. Ellen S.  Carmody

v.

                                                Case No. 1:14-cv-842

COMMISSIONER OF
SOCIAL SECURITY,

                 Defendant.

_____/


## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.  On November 4, 2014, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment.  (Dkt. #8).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive.  The Commissioner has found that Plaintiff is not disabled within the meaning of the Act.  For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence.  Accordingly, the Commissioner's decision is **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords

2

to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 29 years of age on his alleged disability onset date. (Tr. 281). He possesses an eighth grade education and previously worked as a car valet/cleaner. (Tr. 29, 105). Plaintiff applied for benefits on July 21, 2010, alleging that he had been disabled since November 16, 2004, due to depression and back, knee, shoulder, and hand impairments. (Tr. 281-88, 345). Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 152-71). On August 9, 2011, Plaintiff appeared before ALJ Paul Jones with testimony being offered by Plaintiff and a vocational expert. (Tr. 100-51). In a written decision dated September 9, 2011, the ALJ determined that Plaintiff was not disabled. (Tr. 175-90). The Appeals Council subsequently remanded the matter to the ALJ for further proceedings. (Tr. 192-93). On December 11, 2013, Plaintiff again appeared before ALJ Paul Jones with testimony being offered by Plaintiff and a vocational expert. (Tr. 36-81). In a written decision dated January 17, 2014, the ALJ again concluded that Plaintiff was not disabled. (Tr. 19-31). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-6). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.

---

[1]1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4.  If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5.   If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) L4-L5 disc protrusion and tear with mild lumbar degenerative disc disease and osteoarthritis; (2) affective disorder; (3) anxiety disorder; and (4) THC abuse, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 21-22).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) he can lift/carry 20 pounds occasionally and 10 pounds frequently; (2) during an 8-hour workday with normal breaks he can sit for 6 hours and stand/walk for 6 hours; (3) he can occasionally climb, stoop, kneel, crouch, and crawl; (4) he can frequently balance; (5) he should avoid concentrated exposure to temperature extremes, vibration, moving machinery, and unprotected heights; and (6) he is limited to simple, routine, and repetitive tasks. (Tr. 23).

The ALJ found that Plaintiff cannot perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely

5

question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding.  Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed in the national economy approximately 240,000 jobs which an individual with Plaintiff's RFC could perform, such limitations notwithstanding.  (Tr. 74-75).  This represents a significant number of jobs.  *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006).  The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.


I.          **Treating Physician Doctrine**

Plaintiff argues that he is entitled to relief because the ALJ failed to afford appropriate weight to the opinions expressed by his treating physicians.  The Court is not persuaded.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into his medical condition.  *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).  An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record."  *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

6

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)).  The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so.  *Gayheart*, 710 F.3d at 376.  Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)).  Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment.  *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such.  *Id.* at 376.  In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the

7

examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

Plaintiff has failed to identify any opinion offered by a care provider, treating physician or otherwise, that is contrary to the RFC articulated by the ALJ. Thus, Plaintiff's argument fails. Moreover, to the extent that Plaintiff's argument is interpreted as challenging the ALJ's RFC determination the result is the same.

On August 25, 2009, Plaintiff's doctor advised Plaintiff that "he would benefit from flexibility and strengthening of his core." (Tr. 383). Accordingly, the doctor offered Plaintiff an opportunity to participate in physical therapy, but Plaintiff "decline[d]." (Tr. 383). A February 2, 2010 MRI of Plaintiff's lumbar spine revealed "mild" degenerative disc disease with no central canal stenosis. (Tr. 470-71). Treatment notes dated June 15, 2010, indicate that Plaintiff's back pain was "reasonably controlled" with medication. (Tr. 368). X-rays of Plaintiff's knees, hips, hand, and right shoulder, taken on September 20, 2010, were all "normal." (Tr. 649-55). Treatment notes dated May 14, 2012, indicate that Plaintiff's depression was "stable." (Tr. 753). On December 20, 2012, Plaintiff participated in a nerve conduction study the results of which were "normal" with no evidence of radiculopathy, polyneuropathy, myopathy, or cauda equina syndrome. (Tr. 707-11). The results of a January 7, 2013 physical examination were unremarkable. (Tr. 718-22). On May 31, 2013, Plaintiff reported that his back pain was "stable" with medication, but is "worse with cutting

8

the grass." (Tr. 844).  In sum, the ALJ's RFC determination is supported by substantial evidence.


## II.        Plaintiff's Credibility

At the administrative hearing, Plaintiff testified that he was far more limited than the ALJ recognized.  Specifically, Plaintiff testified that he experienced difficulty walking and getting into and out of chairs.  (Tr. 59-60).  Plaintiff reported that he experienced constant radiation of his back pain into his lower extremities.  (Tr. 60-61).  Plaintiff testified that "a lot of times" he is not even able to get up from a sitting position and walk around.  (Tr. 61-62).  Plaintiff reported that he often just falls down and begins screaming in pain.  (Tr. 62-66).  Plaintiff also testified that he is often unable to get on and off the toilet and as a result soils himself "very often."  (Tr. 67-69).  Plaintiff argues that he is entitled to relief because the ALJ's decision to discount his subjective allegations is not supported by substantial evidence.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability."  *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same).  As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled."  20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009).  Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

First, we examine whether there is objective medical evidence of an

underlying medical condition.  If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted).  This standard is often referred to as the *Duncan* standard.  *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms."  *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)).  However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record."  *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference."  *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony").  It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand.  The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded.  *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987).  In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative

10

law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

The ALJ cited several reasons for discounting Plaintiff's allegations. The ALJ first observed that Plaintiff's subjective allegations "are inconsistent with the objective medical evidence, which indicates an attempt by [Plaintiff] to exaggerate the severity of his symptoms due to his narcotic dependence." (Tr. 28). The ALJ also noted that none of Plaintiff's care providers ever "imposed a work preclusive limitation on [Plaintiff's] functioning, or opined that he was disabled or more limited than the residual functional capacity adopted." (Tr. 28). Finally, the ALJ noted that the contemporaneous treatment notes authored by Plaintiff's care providers do not support Plaintiff's assertion that he suffers from such extreme pain and limitation. (Tr. 28-29). The ALJ's reasoning for discounting Plaintiff's allegations is legally sufficient and supported by substantial evidence. Accordingly, this argument is rejected.

## III.        Appeals Council Order

Following the initial decision by the ALJ, the Appeals Council remanded the matter to the ALJ for further administrative action. (Tr. 192-93). Plaintiff argues that "the ALJ failed to comply with the Appeals Council Order." As Defendant correctly notes, however, this Court lacks the jurisdiction to review whether the ALJ complied with the Appeals Council's order as such is an internal agency matter not within the Court's jurisdiction to review "final decisions" by the Social Security Administration. *See, e.g., White v. Commissioner of Social Security*, 2014 WL 4976754 at *11 (W.D. Mich., Oct. 3, 2014). Accordingly, this argument is rejected.

11

IV.          **Vocational Expert's Testimony**

The ALJ's written opinion, as regards his discussion of whether Plaintiff is able to perform his past relevant work, is confusing and contradictory. (Tr. 29). Specifically, over the span of eleven lines of text, the ALJ went from concluding that Plaintiff was "unable to perform any past relevant work" to stating that Plaintiff "could perform [his] past relevant work as a cleaning technician" to finally concluding that Plaintiff "is unable to perform past relevant work." Plaintiff argues that he is entitled to relief because the vocational expert's testimony does not support the ALJ's conclusion that he can perform his past relevant work.

The vocational expert initially testified that Plaintiff, if impaired to the extent reflected by the ALJ's RFC, would be able to perform his past relevant work. (Tr. 73-74). Upon further questioning, however, the vocational expert re-assessed the physical requirements of Plaintiff's past relevant work and concluded that the performance of such was, in fact, precluded by his RFC. (Tr. 77-78). Thus, were the ALJ's decision to deny benefits premised upon the conclusion that Plaintiff was capable of performing his past relevant work, the ALJ's decision would be infirm. The ALJ, however, further questioned the vocational expert to determine whether there existed other jobs which Plaintiff could perform despite his limitations. As previously noted, the vocational expert identified a significant number of jobs which Plaintiff could perform consistent with his RFC. A review of the ALJ's decision makes clear that his decision to deny benefits was based upon this particular testimony by the vocational expert. (Tr. 30).

In sum, Plaintiff is requesting relief based upon a typographical error by the ALJ. The Court, however, finds the error in question to be harmless. *See Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (recognizing that the harmless error doctrine is intended to prevent reviewing courts from

becoming "impregnable citadels of technicality"); *Heston v. Commissioner of Social Security*, 245 F.3d 528, 535-36 (6th Cir. 2001) (recognizing that remand to correct an error committed by the ALJ unnecessary where such error was harmless); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("no principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result"); *Berryhill v. Shalala*, 1993 WL 361792 at *7 (6th Cir., Sep. 16, 1993) ("the court will remand the case to the agency for further consideration only if 'the court is in substantial doubt whether the administrative agency would have made the same ultimate finding with the erroneous finding removed from the picture...'").

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence.  Accordingly, the Commissioner's decision is **affirmed**.  A judgment consistent with this opinion will enter.

Date:  July 1, 2015                         /s/ Ellen S. Carmody
                                            ELLEN S. CARMODY
                                            United States Magistrate Judge

13